[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**FILED**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

MAY 17 2019 KB

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

SMITA A. PATEL )
)
COMPLAINANT )
)
Plaintiff(s), )    1:19-cv-03331
)    Judge Robert M. Dow, Jr.
)    Magistrate Judge Susan E. Cox
v. )
MEGAN J. BRENNAN )
POSTMASTER GENERAL )
UNITED STATES POSTAL SERVICE )
(GREAT LAKES AREA) AGENCY. )
Defendant(s). )

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is **SMITA A. PATEL** of the county of **COOK** in the state of **ILL**.

3. The defendant is **MEGAN J. BRENNAN, PMG, USPS, (GREAT LAKES AREA) AGENCY** whose street address is **475 L'ENFANT PLAZA, SW ROOM 4012**, (city) **WASHINGTON** (county) _____ (state) **DC** (ZIP) **20260-2200**
(Defendant's telephone number) (___) – _____

4. The plaintiff sought employment or was employed by the defendant at (street address) **1300 E NORTHWEST HIGHWAY** (city) **PALATINE** (county) **COOK** (state) **ILL** (ZIP code) **60095**

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

5. The plaintiff [*check one box*]

    (a) ☐ was denied employment by the defendant.

    (b) ☒ was hired and is still employed by the defendant.

    (c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,
   { (month) JUNE , (day) 29th , (year) 2012 &
     MAY &         24th          2012.    }

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐*has* ☐*has not* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

        (i) ☐ the United States Equal Employment Opportunity Commission, on or about

        (month)_____ (day)_____ (year)_____.

        (ii) ☐ the Illinois Department of Human Rights, on or about

        (month)_____ (day)_____ (year)_____.

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☐ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days**.

    It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

defendant asserting the acts of discrimination indicated in this court complaint.

☑ Yes (month) ~~October~~ October (day) ~~13th~~ 12/13 (year) ~~2012~~ 2012 } Then they mixed the case.

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month) FEBRUARY (day) 14th (year) 2019.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ Yes ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☑ Yes ☐ N0, but a copy will be filed within 14 days.

8. (Complete paragraph 8 only if defendant is not a federal governmental agency.)

(a) ☐ ~~the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue*.~~

(b) ☐ ~~the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)_____ (day)_____ (year)_____ a copy of which *Notice* is attached to this complaint.~~

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☑ Age (Age Discrimination Employment Act).

(b) ☑ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☑ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☑ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☑ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☑ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☑ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]
(a) ☐ failed to hire the plaintiff.

(b) ☐ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☑ failed to reasonably accommodate the plaintiff's religion.

(e) ☑ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☑ failed to stop harassment;

(g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☑ other (specify): PLEASE SEE FINAL DECISION OF AGENCY, PAGE 2, ¶ 1, & 2.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]
Rev. 06/27/2016

4

IT WAS IN 2012, 2013. IN THE PAST THEY HARRASED ME, STILL KEPT DOING IT. MY EEO COMPLAINT. MGT GAVE ME DISPARATE TREATMENT. MGT DENIED TO PROVIDE WORT FOR INJURED ON THE JOB EMPLOYEE, MYSELF.

13. The facts supporting the plaintiff's claim of discrimination are as follows: MGT MADE ME DO JOB for 3 SUPERVISOR'S JOB. BRIFELY, MY EEO CASE FILED. ALSO USPS HAS OBLIGATION TO GIVE WORT TO INJURED ON THE WORK EMPLOYEE. THE MGT INSTRUCTED TO ME, DO NOT RETURN TO WORK UNTIL NOTIFIED. THEN CHANGED MY DAYS OFF WHEN NOT CHANGED FOR OTHER SUPERVISORS. MGT DID NOT ACCOMONDATED ME SP. MGT DID NOT OBEY THE USPE POLICY & ELM RULES, VIOLATION OF ADL LAW. VIOLETED ELM RULES.

14. *[AGE DISCRIMINATION ONLY]* Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☑ Yes ☐ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    (a)  ☐ Direct the defendant to hire the plaintiff.

    (b)  ☐ Direct the defendant to re-employ the plaintiff.

    (c)  ☐ Direct the defendant to promote the plaintiff.

    (d)  ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

    (e)  ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    (f)  ☑ Direct the defendant to (specify): COURT FEES, LAWYER'S FEES (WHEN I HIRED) ALL EXPENSE OUT OF MY POCKET, ALL LOST of WAGES, LOST TSP, & $99,000 FOR DISCRIMINATED ME IN

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

5

<u>ALL THE CATAGORIES, PROMOTE ME AS MDO PERMENANTLY IN PALATINE P & DC</u>
<u>TOUR 2 WITH SATURDAY/SUNDAY OFF DAYS, IMMEDIATELY.</u>
<u>NO MORE FURTHER DISCRIMINATION.</u>

(g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ✗ ~~☐ Grant such other relief as the Court may find appropriate.~~ SP.

__Sapatel__
(Plaintiff's signature)

<u>SMITA  A.  PATEL</u>
(Plaintiff's name)

<u>5707  CARIBOU  LANE</u>
(Plaintiff's street address)

(City) <u>HOFFMAN ESTATES</u> (State) <u>ILL</u> (ZIP) <u>60192-4576</u>

(Plaintiff's telephone number) (Hq) (847)-844-0079  (cell) 847-877-0443

Date: <u>5/13/2019</u>

Reference #: 0120172882
Smita Patel
5707 Caribou Ln.
Hoffman Estates, IL 60192



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Smita Patel, a/k/a
Mari R.,[1]
Complainant,

v.

Megan J. Brennan,
Postmaster General,
United States Postal Service
(Great Lakes Area),
Agency.

Appeal No. 0120172882

Hearing No. 440-2015-00040X

Agency Nos. 1J-602-0028-12 & 1J-602-0036-12

DECISION

On August 24, 2017, Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's July 20, 2017 final order concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq.

BACKGROUND

*Introduction*

At the time of events giving rise to this complaint, Complainant worked as a Supervisor, Distribution Operations (SDO) at an Agency Processing and Distribution Center located in Palatine, Illinois.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

On October 13, 2012, Complainant filed three EEO complaints, together alleging that the Agency discriminated against her on the bases of race (Indian), national origin (Indian), sex (female), religion (Hindu), color (Brown), disability (on-the-job injuries - right knee chondromalacia and left knee replacement), age (53), and reprisal for prior protected EEO activity when:

1. between June 29, 2012 and January 29, 2013, management instructed Complainant not to return to work until notified, due to her medical restrictions, and
2. on May 24, 2012, management did not give Complainant Saturday/Sunday or Sunday/Monday as nonscheduled days and assigned her the work of three to four supervisors.[2]

The Agency accepted the incidents alleged in claim (1) for investigation.

*Investigation*

During the EEO investigation, Complainant stated that she submitted her medical restrictions (no stair climbing, no squatting, no kneeling, and the need for a five-minute break each hour for both knees) to Health Resource Management (HRM) and the next day she called to find out what time she should report to work. Complainant stated that the Plant Manager (S1) informed her not to report to work until notified by the Agency. Complainant stated that she requires breaks while working. Complainant alleged that the Agency had an obligation to provide her limited duty, but treated her disparately instead.

The Plant Manager, S1, stated, about June 29, Complainant submitted medical restrictions, and he, HRM, and the Agency's Labor Department determined that the Agency could not accommodate Complainant's restrictions. S1 stated that an SDO has to oversee the processing and distribution of mail in a plant environment. He stated SDOs ensure that mail committed for delivery is timely and properly processed. S1 stated mobility is critical to perform SDO duties because the supervisor must work with multiple crews and mail flow. S1 stated that the Agency inquired several times about the frequency of breaks needed by Complainant.

---

[2] We note that the Agency docketed the three complaints as 1J-602-0028-12 (0028), 1J-602-0035-12 (0035), and 1J-605-0036-12 (0036). Complaint 0028, which pertains to claim (2) based on disability solely, was originally part of a class action. It was determined later that individual processing was appropriate and the matter was held in abeyance pending class complaint processing. Complaint 0036 pertains to claim (1), and was originally viewed as a "mixed" case matter. The Agency identified claim (2), based on all alleged bases other than disability (race, national origin, sex, religion, color, age, and reprisal), as Complaint 0035. The Agency administratively processed Complaint 0035 and it resulted in an appeal to this Commission. EEOC issued a decision for Complaint 0035 on November 14, 2014. The Commission's decision addressed the actions alleged in claim (2) on all alleged bases including disability. Consequently, the only issue currently before the Commission is claim (1).

In pertinent part, the record contains a Work Restriction Form, dated October 22, 2012, from Complainant's Physician stating:

> Limited Duty. No stair climbing, kneeling, or squatting. Patient is to have frequent breaks while standing and/or walking. Patient is to have a 5 minute break every hour.

*Post-Investigation*

Following the EEO investigation, the Agency provided Complainant with a copy of the report of investigation and notice of the right to request a hearing before an EEOC Administrative Judge (AJ) or an immediate final agency action. Complainant requested a hearing.

On July 12, 2017, the assigned AJ issued a decision without a hearing. The AJ found that Complainant failed to show that the Agency's actions were based on discriminatory motives. The AJ held that the Agency tried to accommodate Complainant for some time based on her medical restrictions and eventually by working with the Office of Workers' Compensation Programs was able to "cobble together" duties she could perform. The AJ stated that the modified assignment required different duties and different nonscheduled days than Complainant's prior position. The AJ stated that Complainant failed to show a vacant, funded position to which she could be assigned. On July 20, 2017, the Agency issued a final order adopting the AJ's finding of no discrimination. The instant appeal from Complainant followed, without substantive comment.

## ANALYSIS AND FINDINGS

As this is an appeal from a decision issued without a hearing, pursuant to 29 C.F.R. § 1614.110(b), the Agency's decision is subject to de novo review by the Commission. 29 C.F.R. § 1614.405(a). See Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614, at Chapter 9, § VI.A. (Aug. 5, 2015) (explaining that the de novo standard of review "requires that the Commission examine the record without regard to the factual and legal determinations of the previous decision maker," and that EEOC "review the documents, statements, and testimony of record, including any timely and relevant submissions of the parties, and . . . issue its decision based on the Commission's own assessment of the record and its interpretation of the law").

A claim of disparate treatment is examined under the three-part analysis first enunciated in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973). For Complainant to prevail, she must first establish a prima facie case of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination, i.e., that a prohibited consideration was a factor in the adverse employment action. See McDonnell Douglas, 411 U.S. at 802; Furnco Construction Corp. v. Waters, 438 U.S. 567 (1978). The burden then shifts to the agency to articulate a legitimate, non-discriminatory reason for its actions. See Texas Department of

Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). To ultimately prevail, Complainant must prove, by a preponderance of the evidence, that the Agency's explanation is a pretext for discrimination. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143 (2000); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 519 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981).

This established order of analysis in discrimination cases, in which the first step normally consists of determining the existence of a prima facie case, need not be followed in all cases. Where the agency has articulated a legitimate, non-discriminatory reason for the action at issue, the factual inquiry can proceed directly to the third step of the McDonnell Douglas analysis, the ultimate issue of whether complainant has shown by a preponderance of the evidence that the agency's actions were motivated by discrimination. See U.S. Postal Service Board of Governors v. Aikens, 460 U.S. 711, 713-714 (1983); Hernandez v. Department of Transportation, EEOC Request No. 05900159 (June 28, 1990); Peterson v. Department of Health and Human Services, EEOC Request No. 05900467 (June 8, 1990); Washington v. Department of the Navy, EEOC Petition No. 03900056 (May 31, 1990).

Here, we find, assuming arguendo, Complainant established a prima facie case of discrimination based on race, national origin, sex, religion, color, disability, age, and reprisal, the Agency articulated legitimate, nondiscriminatory reasons for, as of June 29, 2012, informing Complainant not to return to work until it notified her to do so. We find further that Complainant failed to show, by a preponderance of the evidence, that the articulated reasons are a pretext for discrimination. Further, as to accommodation, the record does not reveal a funded vacant position to which Complainant could be reassigned such that her medical restrictions could be accommodated while the Agency's business could continue without interruption or delay and Complainant has not identified one.

## CONCLUSION

Based on a thorough review of the record and the contentions on appeal, including those not specifically addressed herein, we AFFIRM the final agency decision.

## STATEMENT OF RIGHTS - ON APPEAL
## RECONSIDERATION (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*[signature]*
Carlton M. Hadden, Director
Office of Federal Operations

February 12, 2019
Date

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Smita Patel
5707 Caribou Ln.
Hoffman Estates, IL  60192

U.S. Postal Service (Great Lakes)
NEEOISO - Appeals
U.S. Postal Service
PO Box 21979
Tampa, FL  33622-1979

February 12, 2019
Date

_____
Compliance and Control Division