UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Smita A. Patel, | ) | No. 1:19-cv-03331 |
| *Plaintiff*, | ) | |
| v. | ) | |
| | ) | Judge Lindsay C. Jenkins |
| Louis DeJoy, | ) | |
| Postmaster General, | ) | |
| United States Postal Service, | ) | |
| | ) | |
| *Defendant*. | ) | Date: May 15, 2023 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In accordance with Rule 56 of the Federal Rules of Civil Procedure, Smita Patel (hereinafter "Plaintiff" or "Ms. Patel"), through counsel, hereby timely opposes the United States Postal Service's (hereinafter "Defendant") April 13, 2023, *Motion for Summary Judgment* ("Defendant's Motion").

When viewed in a manner most favorable to Plaintiff, the evidence clearly demonstrates that beginning in or June 29, 2012, and continuing to January 14, 2013, Defendant failed to accommodate Plaintiff's disability by telling her to not return to work until notified due to her medical restrictions. For the reasons set forth below, the Defendant's Motion must be denied because Plaintiff has established a *prima facie* case of failure to accommodate, and she has further proffered genuine issues of material fact.

**I.     COMPLAINANT'S RESPONSE TO AGENCY'S RULE 56.1 STATEMENT**

Plaintiff respectfully submits her response to Defendant's Rule 56.1 Statement as an attachment herein at Exhibit 1. Plaintiff restates the Defendant's Rule 56.1 Statement therein with

1

citations as provided in the Defendant's Motion. Plaintiff's response follows each statement of material fact therein. Additionally, Plaintiff provides her own Statement of Additional Facts, attached herein at Exhibit 2.

## II. PROCEDURAL HISTORY

Plaintiff filed an employment discrimination complaint in this court on May 17, 2019 (No. 1:19-cv-03331). On June 27, 2019, Plaintiff filed a second employment discrimination complaint in this court (No. 1:19-cv-04336). Case No. 19-cv-03331 had one (1) accepted issue and Case No. 19-cv-04336 had 16 accepted issues. On August 12, 2021, Defendant moved for summary judgment on both cases pursuant to Rule 56 of the Federal Rules of Civil Procedure. In a Memorandum Opinion and Order issued on December 22, 2022, this court granted summary judgment in favor of Defendant on all claims except Plaintiff's failure to accommodate claim under No. 1:19-cv-03331, the claim presently at issue before the court. Defendant filed the instant Motion for Summary Judgment on April 13, 2023.

## III. LEGAL STANDARD

Summary Judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To establish entitlement to summary judgment, the moving party must establish that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Carmichael v. Village of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). If the moving party meets this burden, the non-moving party must set forth facts that show there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Id.* at 256. The court must "constru[e] all facts, and draw[] all reasonable inferences from those facts, in favor of the nonmoving party." *Whittaker v. Northern Illinois University*, 424 F.3d 640, 644–45 (7th Cir. 2005), *quoting Telemark Development Group Inc. v. Mengelt*, 313 F.3d 972, 976 (7th Cir. 2002).

## IV. ARGUMENT

For the reasons stated herein, the Agency's Motion is wholly insufficient and fails as a matter of law. At many points in its Motion, the Agency fails to support its factual and other contentions, and asserts bare legal conclusions without actual legal support or any supporting facts. Moreover, as explained *infra*, Plaintiff has established genuine issues of material fact with respect to her claim.

**A. Plaintiff's claim establishes a *prima facie* case of failure to accommodate**

Plaintiff has established a *prima facie* case that the Agency failed to accommodate her between June 2012 and January 2013. The ADA requires that an employer provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless such [employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the employer. 42 U.S.C. 12112(b)(5)(A). To prevail on a claim of failure to accommodate, the plaintiff must show that (1) she is a qualified individual with a disability, (2) her employer was aware of her disability, and (3) her employer failed to reasonably accommodate her disability. *Sansone v. Brennan*, 917 F.3d 975, 979 (7th Cir. 2019); *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 813 (7th Cir. 2015). If the plaintiff establishes these three *prima facie* elements, the burden then shifts to the employer to show that the requested accommodation would impose an undue hardship on the employer. *Ford v. Marion Caty. Sheriff's Office*, 942 F.3d 839, 850 (7th Cir. 2019). The Seventh

Circuit "has held that the *McDonnell Douglas* burden-shifting method of proof is unnecessary and inappropriate in a failure-to-accommodate claim." *Misna v. Union Pac. R.R. Co.*, 975 F.3d 629, 638 (7th Cir. 2020) (internal quotation marks and citation omitted). Instead, "if the plaintiff demonstrated that the employer should have reasonably accommodated the plaintiff's disability and did not, the employer has discriminated under the ADA and is liable." *Lenker v. Methodist Hosp.*, 210 F.3d 792, 799 (7th Cir. 1996). In the present case, Plaintiff was a qualified individual with a disability, Defendant was aware of her disability, and Defendant failed to reasonably accommodate Plaintiff's disability.

      a. <u>Plaintiff did not abandon her failure-to-accommodate claim</u>

Defendant asserts that Plaintiff abandoned her failure-to-accommodate claim when she failed to disclose it in her interrogatory responses, her initial disclosures, or at her deposition. *See* Def. Motion for Summary Judgment, p. 5. However, Defendant fails to point to any case law which supports the assertion that by failing to include the words "failure to accommodate" in her testimony, Plaintiff has abandoned her failure to accommodate claim. Plaintiff timely filed her Formal EEO Complaint on October 13, 2012, alleging discrimination based on Disability (Both Legs) when: Beginning June 29, 2012, and continuing, management told Complainant not to come to work until notified due to Complainant's medical restrictions. *See* Def. Ex. 2. This claim was accepted on November 5, 2014. *Id.* Reasonable accommodation fell within the EEOC investigation of Plaintiff's claim. The testimony of Plaintiff and her RMOs reference limited duty, restrictions, accommodations. *See* Def. Ex. 4, p. 98, Q. 2, 3; Ex. 24, p. 89, Q. 21. As such, Plaintiff adequately exhausted her administrative remedies prior to filing this Complaint with the court.

Moreover, even if Plaintiff failed to refer to Defendant's failure to accommodate in her initial disclosures, interrogatories, or deposition, her failure to accommodate claim is reasonably

4

related to her disability discrimination claims, of which she did testify. According to the "reasonably related" doctrine, claims that were not asserted in an EEOC charge can be pursued if they are based on conduct that would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *McHale v. McDonough*, 41 F.4th 866, 870 (7th Cir. 2022). "This standard is a liberal one . . . and is satisfied if there is a reasonable relationship between the allegations in the charge and those in the complaint, and the claim in the complaint could reasonably be expected to be discovered in the course of the EEOC's investigation." *Teal v. Potter*, 559 F.3d 687, 692 (7th Cir. 2009). In her Complaint, Plaintiff sufficiently alleged that Defendant failed to reasonably accommodate her disabilities. *See* Def. Ex. 1, p. 4. This falls into the scope of the EEOC's investigation of Plaintiff's October 13, 2012, formal complaint. Accordingly, Plaintiff did not abandon her failure to accommodate claim.

b. <u>Plaintiff was a qualified individual with a disability</u>

Under the ADA, "disability" includes "a physical or mental impairment that substantially limits major life activities of [the disabled] individual." 42 U.S.C. § 12102(1)(A). Further, the ADA defines "major life activities" as including, but not limited to: "caring for oneself, performing manual tasks, seeing, hearing eating, sleeping, walking, standing, lifting, bending, speaking breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). During the timeframe of this claim, Plaintiff had a disability that substantially limited several major life activities, including sitting, standing, walking, bending, or lifting. *See* Def. Ex. 6.

Defendant equates Plaintiff's knee issues as a temporary medical condition or an intermittent, episodic impairment, such as a broken leg. *See* Def. Motion for Summary Judgment, p. 7. Defendant also asserts that Plaintiff, nor her doctor indicated that her knee issue was

permanent. *Id*. However, there is sufficient evidence within the record to demonstrate that Plaintiff had a permanent disability which substantially limited several major life activities. Plaintiff has been disabled since December 2006 with bilateral knee osteoarthritis. Since 2006, Plaintiff has provided Defendant with numerous doctor's notes documenting her disability. *See* Pl. Ex. 3-11. In 2009, her doctor stated that she had "permanent disability" with regards to both of her knees. *See* Pl. Ex. 11. Plaintiff's disability causes intermittent impairment, such as limiting her ability to sit or stand for extended period of time. "[A]n intermittent impairment that is a characteristic manifestation of an admitted disability is . . . a part of the underlying disability and hence a condition that the employer must reasonably accommodate." *Vande Zande v. State of Wis. Dep't of Admin.*, 44 F.3d 538, 543 (7th Cir. 1995). Such evidence supports not only that Plaintiff had a disability, but also establishes a genuine issue of material fact.

Moreover, Plaintiff was a qualified individual with a disability. A "qualified" individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). *See Severson v. Heartland Woodcraft, Inc.,* 872 F.3d 476 (7th Cir. 2017). "Whether a function is essential is a question of fact, not law." *Tonyan v. Dunham's Athleisure Corp.*, 966 F.3d 681, 687 (7th Cir. 2020). While the court will consider the employer's judgment in determining the essential functions of a position, this deference is not unqualified. The court will "look to the reality on the ground: the consequences of not requiring the employee to perform the function, the amount of time an employee actually spends performing the function, the amount of time an employee actually spends performing the function, and the experience of those who previously or currently hold the position." *Id*.

While RMO Sciurba testified that walking and standing were an integral part of Plaintiff's position as SDO, *see* Def. Ex. 5, p. 119, the SDO job description does not describe walking or standing as a duty, responsibility, or function of an SDO. *See* Pl. Ex. 12. As quoted by Defendant, "if an employer has prepared a written description . . ., this description shall be considered evidence of the essential functions of the job." 42 U.S.C. § 12111(8); *Jackson v. City of Chicago*, 414 F.3d 806 (7th Cir. 2005). Furthermore, Defendant has provided Plaintiff modified assignments previously based on work restrictions, which included standing and walking. *See* Pl. Ex. 3-11, 13. This suggests that standing and walking are not essential functions of an SDO. As such, there is a genuine issue of material fact as to whether standing and/or walking is an "essential function" of Plaintiff's position as SDO. If standing and walking are not essential functions of an SDO, then Plaintiff was a qualified individual with a disability, and Defendant should have provided a reasonable accommodation, absent an undue burden.

c. Defendant was aware of Plaintiff's disability

As demonstrated *supra*, Plaintiff had established *via* numerous doctor's notes that she had a disability, that her disability was permanent, and that Defendant was aware of these facts. *See* Pl. Ex. 3-11. As such, Plaintiff can successfully establish the second element of her *prima facie* case.

d. Defendant failed to accommodate Plaintiff

Defendant also argues that Plaintiff cannot meet the third and final prong of her failure to accommodation claim—Defendant failed to accommodate Plaintiff—because there was no accommodation that would have permitted Plaintiff to perform the functions of her job. *See* Def. Motion, p. 9. As shown below, there is a genuine dispute of material fact as to whether

7

accommodation was available that would have allowed Plaintiff to remain at work during the timeframe of her complaint.

While Defendant claims in their motion that there was no accommodation possible that would have allowed Plaintiff to perform the functions of her job, RMO Sciurba testified in his December 16, 2014, affidavit that "once proper documentation was provided by her medical provider management agreed that work was available and her restrictions could be accommodated in her regular job as a Supervisor of Distribution Operations." *See* Def. Ex. 4, p. 98. RMO Sciurba further testified that "[i]nsufficient medical documentation and a clear understanding of [Plaintiff's] limitations was the only reason she was not returned to work on 6/29/12." *Id*. at 104. However, in RMO Sciurba's affidavit, dated December 28, 2012, he testified that he "concurred on the decision that [Defendant] could not accommodate [Plaintiff's] updated restrictions." *See* Def. Ex. 5, p. 117. He also testified at that time that Plaintiff was sent home and told not to return until notified because there "was no work available to accommodate her current restrictions." *Id*. at 119. The testimony of RMO Sciurba is clearly conflicting.

Alternatively, Defendant asserts that Plaintiff cannot show that Defendant failed to accommodate Plaintiff because Plaintiff was responsible for the breakdown of the interactive process. *See* Def. Motion, p. 9. "Relevant to—and sometimes determinate of—the third element is the employer and employee's respective cooperation in an interactive process to determine a reasonable accommodation." *Sansone*, 917 F.3d at 980 (*quoting Baert v. Euclid Beverage, Ltd*., 149 F.3d 626, 633 (7th Cir. 1998)). "[W]hen a reasonable accommodation was possible and the employer did not offer it, the third element of a 'failure to accommodate' claim turns on the 'interactive process' requirement." *Sansone*, 917 F.3d at 980 (*citing EEOC v. Sears, Roebuck & Co*., 417 F.3d 789, 805 (7th Cir. 2005)). In that event, "responsibility will lie with the party that

caused the breakdown." *Id*. at 805. Defendant contends that they did engage in the interactive process by evaluating Plaintiff's restrictions and following up with Plaintiff's doctor to further understand her restrictions, but they were unable to locate a position for her. *See* Def. Motion p. 13. Plaintiff contends that Defendant did not conduct a work search any time after June 29, 2012. *See* Def. Ex. 24, p. 90, Q. 25. Based on the evidence presented, a jury could reasonably determine that Defendant was responsible for the breakdown of the interactive process, not Plaintiff. As such, there is a genuine dispute as to which party was responsible for the breakdown of the interactive process.

Thus, Plaintiff has satisfied the first two prongs of the necessary test for failure to accommodate, and greatly called into question Defendant's denial of prong three. *See supra*. As such, Plaintiff has met her burden to proving a prima facie case of failure to accommodate, and Defendant's motion should be denied in its entirety.

## I. CONCLUSION

Since Plaintiff has demonstrated that there exist genuine issues of disputed material fact regarding her claim of failure to accommodate, Defendant's Motion should be denied. For all the foregoing reasons, Plaintiff, by and through her undersigned counsel respectfully request that the Judge deny the Defendant's Motion for Summary Judgment.

Respectfully Submitted,

Stephanie Rapp-Tully, Esq.
Partner
TULLY RINCKEY PLLC

2001 L Street NW, Suite 902
Washington, DC 20036
Tel: 202-787-1900
Fax: 202-640-2059
Email: srapptully@fedattorney.com

John N. Maher
Maher Legal Services, PC
17101 71st Avenue
Tinley Park, Illinois 60477
Email:john@maherlegalservices.com
Telephone: (708) 468-8155
Facsimile: (708) 781-9693

# CERTIFICATE OF SERVICE

I hereby certify that, on May 15, 2023, I served a copy of the foregoing Opposition to Defendant's Motion for Summary Judgment in the manner indicated below:

Via EEOC Portal to:

**For the Court**
United States District Judge
Lindsay C. Jenkins
Northern District of Illinois

**For Defendant**
Kathryn A. Kelly
Assistant United States Attorney
Kathryn.kelly@usdoj.gov

_____
Stephanie Rapp-Tully, Esq.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| Smita A. Patel, ) | No. 1:19-cv-03331 |
| ) |  |
| *Plaintiff*, ) |  |
| v. ) |  |
| ) | Judge Lindsay C. Jenkins |
| Louis DeJoy, ) |  |
| Postmaster General, ) |  |
| United States Postal Service, ) |  |
| ) |  |
| *Defendant*. ) | Date: May 15, 2023 |

**[PROPOSED] ORDER**

After review and consideration of Defendant's Motion, Complainant's Opposition thereto, Defendant's Reply, and any other pleadings filed regarding the Defendant's Motion, Defendant's Motion is DENIED.

SO ORDERED.

_____
United States District Judge
Lindsay C. Jenkins