UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SMITA A. PATEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 C 3331 |
| | ) | |
| LOUIS DeJOY, Postmaster General of the | ) | Judge Jenkins |
| United States Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Smita Patel failed to overcome the Postal Service's argument that she abandoned the sole remaining failure to accommodate claim. Further, she failed to produce evidence that she is a qualified individual because she could not perform the essential functions of her position with or without an accommodation. Finally, the Postal Service did not have an appropriate position given her extensive restrictions. Because there is no evidence from which a reasonable jury could find that the Postal Service failed to accommodate her, the court should grant summary judgment to the Postal Service.

**I.  Patel Abandoned Her Failure-to-Accommodate Claim.**

Patel abandoned her failure-to-accommodate claim, and this court should grant summary judgment to the Postal Service on this initial inquiry. The Postal Service could not find work for Patel from June 2012 to January 2013 due to her medical restrictions and lack of clarification by Patel's doctor. While Patel timely exhausted this issue administratively, she did not raise any failure-to-accommodate claim in her initial disclosures, her discovery responses, or at her deposition. Ex. 3 at 52-53; Ex. 22; Ex. 23; *see* Ex. 5 at 223, Q. 37; Ex. 4 at 103, Q. 21.

In response, Patel specifically described how she timely exhausted this failure to accommodate claim administratively (Patel. Mem. at 4), even though the Postal Service did not challenge either the timeliness or exhaustion of this issue. Patel then conceded that she failed to refer to this claim in her disclosures, interrogatories, and her deposition, but she argued that such a claim is reasonably related to her disability claims that she *did* testify about (*i.e.,* disparate treatment); therefore, Patel argued, she did not abandon the claim. *Id.* at 4-5. Patel is mixing apples and oranges. Patel is trying to use a test for exhaustion (not argued here) to establish that she did not abandon this claim. *See Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005) (plaintiff exhausted only claims included in EEOC charge or that are "like or reasonably related" to allegations of the charge). Patel's lack of relevant argument that she pursued this claim supports the Postal Service's motion for summary judgment. Indeed, Patel's response boils down to an admission that she abandoned this claim, and the court should dismiss this sole remaining claim.

## II. Patel's Accommodation Claim Fails.

Even if Patel did not abandon the claim, she cannot establish that she is a qualified individual with a disability or that the Postal Service employer failed to reasonably accommodate the disability. *Preddie v. Bartholomew Consolidated School Corp.*, 799 F3d. 806, 813 (7th Cir. 2015).

### A. Not a "Qualified Individual"

Patel has not presented evidence that she was a "qualified individual with a disability" during the relevant timeframe. A qualified individual is one who can perform the "essential functions" of her position, with or without a reasonable accommodation. *Tonyan v. Dunham's Athleisure Corp.*, 966 F.3d 681, 687 (7th Cir. 2020). The Postal Service asserted that Patel failed

to establish that her disability was permanent. Patel argued that her doctor noted a permanent disability with bilateral knee osteoarthritis in 2009. Pl. Ex. 11; Patel Mem. at 6. However, no documents submitted by Patel or her doctor in relation to her accommodation request in 2012 note permanency. Patel had undergone knee surgeries, so it was unclear if the condition had changed. The doctor's note made no mention of permanence.

Moreover, Patel cannot establish that she could meet the requirements of her job as an SDO (supervising two postal units) with or without a reasonable accommodation. Patel only argued that her job description does not include standing or walking as a function of an SDO. Patel Mem. at 7. But Patel herself admitted that the position required standing and walking. Def. Ex. 3 at 36 (Q. But you had to walk and stand to supervise the folks in those two areas? A. Yes.); *see also* Ex. 5 at 119, Q. 27-28 (Sciurba noting that walking and standing were integral to the position). While the job description does not use those words, the descriptions themselves imply both standing and walking. Pl. Ex. 12 (supervising on-the-job training; monitoring performance). Tellingly, if the job did not require standing and walking, there would be no reason for Patel's doctor to include restrictions on standing and walking in her accommodation request.

Because Patel could neither continuously walk nor stand, she could not perform the functions of an SDO. Ex. 6; Ex. 5 at 119, Q. 29. Moreover, Patel's doctor updated limitations in September 2012 to include a break every 20 minutes, a restriction that could not be accommodated for an SDO. Again, such restrictions prevented Patel from performing the essential functions of her job and no accommodation would allow Patel to stand and walk continuously to oversee the mail processing yet take a break every 20 minutes. Ex. 5 at 119, Q. 27-28; Ex. 24 at 88 (Patel acknowledged that work within her restrictions was only available outside her regular SDO assignment). Patel was not a "qualified individual."

**B. The Postal Service Did Not Fail to Accommodate Patel.**

There was no accommodation possible that would have permitted Patel to perform the functions of her job and, alternatively, she was responsible for the breakdown of the interactive process. Sciurba testified that there was no work to accommodate Patel's restrictions. Ex. 5 at Q. 29. Patel argued that Sciurba also testified that once medical proper documentation was received, Patel's restrictions could be accommodated. Patel Mem. at 8. However, Sciurba spoke as to what he expected to happen. Without seeing the medical restrictions and evaluating whether Patel could still complete her SDO duties with or without an accommodation, there would be no way to predict the outcome. No employer can guarantee an accommodation without understanding the medical restrictions, and to read a guarantee here is inappropriate.

Patel did not identify any other SDO assignments that would accommodate her restrictions at the time and does not do so now. The Postal Service is not required to create a new job or strip a current job of its main duties to accommodate a disabled employee. *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 819 (7th Cir. 2004). The Postal Service would have needed a second SDO available at all times to cover for Patel's breaks every 20 minutes — but the Postal Service is not required to assign an essential function of Patel's job to someone else (or incur that cost). *Vargas v. DeJoy*, 980 F.3d 1184, 1189–90 (7th Cir. 2020), citing *Peters v. City of Mauston*, 311 F.3d 835, 845-846 (7th Cir. 2002) (holding requested accommodation unreasonable because it would require another employee to perform an essential function of plaintiff's job).

Patel's failure-to-accommodate claim here is for a six-month period. From June to August 2012, the Postal Service repeatedly sought clarification from Patel's doctor. In September, Patel's doctor *added* restrictions, including a five-minute break every 20 minutes. This requirement of even more frequent breaks in addition to stringent restrictions on walking and standing (which the

job required) made her SDO assignment impossible. Patel ultimately was referred to vocational training in December 2012, and she returned to work in January 2013. DSMF ¶ 20. The Postal Service simply did not have a position within Patel's restrictions.

The Postal Service's motion for summary judgment included discussion of Patel's preference for an SDO position in the leave control office. Postal Service Mem. at 10. Patel never raised this option during the interactive process, nor did she provide evidence that the position was open (it was not). Patel's memorandum does not address this argument or the fact that she was barred from working in that office because she previously accessed personal files, copying them for her personal use. DSMF ¶ 18. Similarly, Patel failed to present evidence that she was qualified to perform the essential functions of *any* vacant position at the Postal Service. *Severson v. Heartland Woodcraft, Inc.*, 872 F.3d 476, 482 (7th Cir. 2017).

Finally, even if the court proceeds to evaluate the interactive process (it should not because Patel failed to show that she was qualified to perform the SDO job with accommodations), Patel has not presented evidence that the Postal Service failed to engage in (or caused the breakdown of) the interactive process to identify reasonable accommodations for her disability. *Sansone v. Brennan*, 917 F.3d 975, 979–80 (7th Cir. 2019). The Postal Service engaged in the process but could not find work within Patel's restrictions.

Patel argued that the Postal Service "did not conduct a work search any time after June 29, 2012." Patel Mem. at 9. Patel cited only to her own EEO affidavit where she was asked: "Did management conduct a work search any time after June 29, 2012? If so, what was the result of this work search?" Patel answered: "I do not think so. . . . They did not look anywhere." Def. Ex. 24 at 90, Q. 25. Patel's citation does not support her statement that the Postal Service did not search for work; she indicated that she did not know. With no other argument or evidence, Patel

failed to refute the Postal Service's argument that it engaged in the interactive process, even sending Patel to vocational rehabilitation to understand what non-SDO position she could fill. Patel's suggestions during the EEO process and this litigation of "other positions" where she "could have worked" are both too late and without evidentiary support that any of the positions were open at the relevant time.

At bottom, Patel cannot meet the requirements of establishing a failure-to-accommodate claim. She was not a qualified person with a disability who could do the job with or without a reasonable accommodation. The Postal Service could not accommodate her extensive restrictions and was not required to change her job description (one that included walking and standing) or move another employee. The Postal Service is entitled to summary judgment.

**Conclusion**

For the foregoing reasons, the court should grant summary judgment to the Postal Service.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Kathryn A. Kelly
 KATHRYN A. KELLY
 Assistant United States Attorney
 219 South Dearborn Street
 Chicago, Illinois 60604
 (312) 353-1936
 kathryn.kelly@usdoj.gov